FILED

**United States District Court
Northern District of Indiana
HAMMOND DIVISION**

2010 MAY -6 PM 12: 21

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

Eric Rashad Walton,
_____,
(Plaintiff)

vs.

United States Steel Corp, et al
_____,
(Defendant).

Case No: 2 10 CV 188

## EMPLOYMENT DISCRIMINATION COMPLAINT

Plaintiff brings a complaint against defendant US Steel Corp et al (See attached sheet) for discrimination as set forth below.

Plaintiff ✓ DOES _____ DOES NOT (indicate which) demand a jury trial.

### I. PARTIES

Plaintiff's Name: Eric Rashad Walton

Plaintiff's Address: 4021 E. 13th Ave
Gary, IN 46403

Plaintiff's Telephone: 219-313-6087

Defendant's Name: United States Steel Corporation, et al

Defendant's Address: 600 Grant Street
Pittsburgh, PA 15219

John P. Surma — Chairman and Chief Executive Officer
United States Steel Corporation
600 Grant Street
Pittsburgh, PA 15219

Marie Flournoy — Staff Supervisor
US Steel Corporation
Gary Works
One North Broadway
Gary, IN 46402

Jenna L Rager — Staff Supervisor Labor Relations
US Steel Corporation
Gary Works
One North Broadway
Gary, IN 46402

Ami Lash — Staff Supervisor Employee Relations
US Steel Corporation
Gary Works
One North Broadway
Gary, IN 46402

Sandy Armstrong — Labor Relations
US Steel Corporation
Gary Works
One North Broadway
Gary, IN 46402

Laura Korel — Labor Relations
US Steel Corp
Gary Works
One North Broadway
Gary, IN 46402

## II. BASIS OF CLAIM AND JURISDICTION

1. This complaint is brought pursuant to:

    \_\_\_\_ Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e-5), and jurisdiction is based on 28 U.S.C. §§1331 and 1343(a);

    \_\_\_\_ The Age Discrimination in Employment Act (29 U.S.C. §621), and jurisdiction is based on 28 U.S.C. §§1331 and 1343(a);

    ✓ The Americans with Disabilities Act (42 U.S.C. §12101), and jurisdiction is based on 28 U.S.C. §§1331 and 1343(a);

    \_\_\_\_ The Rehabilitation Act (29 U.S.C. §701, *et seq.*), and jurisdiction is based on 28 U.S.C. §§1331 and 1343(a);

    \_\_\_\_ Equal rights under law (42 U.S.C. §1981), and jurisdiction is based on 28 U.S.C. §§1331 and 1343(a);

    \_\_\_\_ Other (list): _____

2. Plaintiff ✓ DID \_\_\_\_ DID NOT (indicate which) file a charge of discrimination with the Equal Employment Opportunity Commission or the Indiana Civil Rights Commission. **[If the plaintiff did file a charge of discrimination, Plaintiff should attach a copy of the charge to the complaint].**

3. Plaintiff's Right to Sue Notice from the Equal Employment Opportunity Commission or the Indiana Civil Rights Commission was **RECEIVED** on or about *Feb 22, 2010* (insert date the plaintiff **received** the notice – in most instances this will not be the same date stamped on the notice). **[Plaintiff should attach a copy of the Notice of Right to Sue to this Complaint].**

## III. STATEMENT OF LEGAL CLAIM

Plaintiff is entitled to relief in this action because (if more space is needed, attach additional pages): *I was terminated without just cause from what ultimately stemmed from violations of the Americans with Disabilities Act; I endured egregious acts of discrimination, retaliation, and harassment due to my said disability and occupational injury in attempts to discourage me as well as punish, which ultimately led to being discharged.*

## IV. FACTS IN SUPPORT OF COMPLAINT

The facts on which this complaint is based are the following (if you need additional space, please attach additional pages):

Defendant et al: Pressured and harassed to return to very worksite when disability occurred by withholding workers' comp benefit payments which were due biweekly as well as placing me on the work schedule; discontinued workers' comp benefits after finally receiving said payments in two (2) separate lump sum payments without a position available or the opportunity to be laid off in order to collect unemployment, thus having no income even though still hired; harassment and intimidation in the form of threats of suspension for being accused of AWOL when not the case; continuous interfering of ongoing workers' comp case in forms of attempts to discourage medical appointments, disregarding workers' comp counsel, and circumventing workers' comp laws and procedures by way of harassing phone calls, letters, placing job which disregarded time of service, union representation, and said disability; suspended me although I comply with said job placement attempt which was wrong and a form of retaliation and intimidation as well as health coverage discontinued as a form of retaliation and intimidation, which ultimately led to termination, even though defendant party admitted guilt; health coverage not reinstated as said in union contract as form of retaliation and harassment.

## IV. PRAYER FOR RELIEF

Based on the foregoing, plaintiff seeks the following relief:

I seek the amount of $700 million dollars due to the callous actions from not only the wrongful termination; every retaliatory act that violated the ADA; and the occupational injury and disability suffered twice which jeopardized my life. Measures weren't taken to ensure my well being nor my safety; measures were taken to punish, ridicule, and subsequently change and alter my life due to these occupational injuries covered by OSHA and the Workers Compensation act due to a disability which is covered by the ADA. This prayer is not solely based on myself and hopefully will serve notice that such ongoing blatantly, thinly veiled violations such as these will face recompense and will not be tolerated.

## VI. AFFIRMATION OF PLAINTIFF

I, Eric Rashad Walton, the plaintiff in the aforementioned cause, do affirm that I have read all of the statements contained in the complaint and those which are attached in the accompanying financial statement. I believe them to be, to the best of my personal knowledge, true and correct.

Further, I do understand that this complaint and this affidavit will become and official part of the United States District Court files and that ANY FALSE STATEMENTS knowingly made by me are illegal and may subject me to criminal penalties.

_Eric Rashad Walton_
(Signature of Plaintiff)

May 5, 2010
(Date)

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Eric R. Walton<br>4021 East 13th Avenue<br>Gary, IN 46403 | From: | Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 24E-2009-00135 | Randy G. Poynter,<br>Enforcement Supervisor | (317) 226-5670 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Danny G. Harter,
Director

FEB 2 2 2010

*(Date Mailed)*

Enclosures(s)

cc: Jenna L. Rager
Staff Supervisor Labor Rel.
U.S. STEEL CORPORATION
Gary Works
One North Broadway
Gary, IN 46402