UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| ERIC RASHAD WALTON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 2:10-CV-188-TLS |
| UNITED STATES STEEL CORPORATION, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendants' Motion to Dismiss [ECF No. 22], filed on June 30, 2010.

## BACKGROUND

On May 6, 2010, the Plaintiff, who is proceeding pro se in this matter, filed an Employment Discrimination Complaint [ECF No. 1] with an attached Notice of Right to Sue from the United States Equal Employment Opportunity Commission. He named the following Defendants: United States Steel Corporation (U.S. Steel), John P. Surma, Marie Flournoy, Jenna L. Rager, Ami Lash, Sandy Armstrong, and Laura Kocel. The Plaintiff brought this lawsuit pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101. In his Complaint, the Plaintiff provides the following statement of his legal claim:

> I was terminated without just cause from what ultimately stemmed from violations of the Americans with Disabilities Act; I endured egregious acts of discrimination, retaliation, and harassment due to my said disability and occupational injury in attempts to discourage me as well as punish, which ultimately led to being discharged.

(Compl. 3 (Statement of Legal Claim).) He also makes the following factual allegations:

> Defendant, et al.: Pressured and harassed to return to very worksite when disability occurred by withholding workers' comp benefit payments which were due biweekly as well as placing me on the work schedule; discontinued workers' comp benefits after finally receiving said payments in two (2) separate lump sum payments without a position available or the opportunity to be laid off in order to collect unemployment, thus having no income even though still hired; harassment and intimidation in the form of threats of suspension for being accused of AWOL when not the case; continuous interfering of ongoing worker's comp case in forms of attempts to discourage medical appointments, disregarding workers' comp counsel, and circumventing workers' comp laws and procedures by way of harassing phone calls, letters, placing job which disregarded time of service, union representation, and said disability; suspended me although I complied with said job placement attempt which was wrong and a form of retaliation and intimidation as well as health coverage discontinued as a form of retaliation and intimidation, which ultimately led to termination, even though defendant party admitted guilt; health coverage not reinstated as said in union contract as form of retaliation and harassment.

(Comp. 4 (Facts in Support of Claim).)[1]

On June 30, the Defendants filed their Motion to Dismiss [ECF No. 22] and a Brief in Support [ECF No. 23]. On July 9, the Plaintiff filed a Response [ECF No. 24]. On July 15, the Defendants filed a Reply [ECF No. 26].

## MOTION TO DISMISS STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. In considering motions to dismiss for failure to state a claim, "[courts] construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The requirements for stating a claim under the federal pleading standards are straight forward. A pleading that states a

---

[1] Where it is clear what the Plaintiff intended to write, the Court has corrected spelling and grammatical errors.

claim for relief must set forth "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for relief sought." Fed. R. Civ. P. 8(a). "A plaintiff . . . must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo*, 526 F.3d at 1083 (quotation marks and citations omitted). Although a complaint does not need detailed factual allegations, it must provide the grounds of the claimant's entitlement to relief, contain more than labels, conclusions, or formulaic recitations of the elements of a cause of action, and allege enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950–51 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The Seventh Circuit has provided the following summary of the lessons to be learned from the Supreme Court's opinions in *Twombly* and *Iqbal*:

> First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

3

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

## DISCUSSION

Pursuant to Rule 12(b)(6), the Defendants move to dismiss the Plaintiff's Complaint on the following grounds: (1) the Plaintiff's ADA claims against the individuals fail to state a claim because the ADA does not provide for individual liability; and (2) the Complaint fails to state a claim because it is based on conclusory legal assertions and fails to meet the federal notice pleading standard. The Plaintiff responds that the Defendants' Motion "unscrupulously twists the logic" of his Complaint and "unconscientiously accuses [the] Plaintiff of sensationalizing the [C]omplaint" (Pl.'s Resp. 1) and asks that the Defendants' Motion be denied.

In considering the Defendants' Motion to Dismiss and the Plaintiff's Complaint, the Court is mindful that "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, even as a pro se litigant, the Plaintiff is required to follow the Federal Rules of Civil Procedure and the District Court's Local Rules, and he is not excused from complying with his responsibilities as a plaintiff. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (stating that while "courts are required to give liberal construction to pro se pleadings . . . [,] it is also well established that pro se litigants are not excused from compliance with procedural rules"); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (stating that "the Supreme Court has made clear that even pro se litigants must follow rules of civil procedure").

4

### A. The ADA Claims Against the Individual Defendants

The Defendants argue that the ADA claims against the individual Defendants (John P. Surma, Marie Flournoy, Jenna L. Rager, Ami Lash, Sandy Armstrong, and Laura Kocel)[2] should be dismissed because these individuals are not within the definition of "employer" in the ADA and cannot be held liable under the act. The Defendants are correct. The Seventh Circuit has held that the ADA was meant to impose respondeat superior liability on an employer for the acts of its agents and not liability on individuals. *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1279, 1281 (7th Cir. 1995); *see also Silk v. City of Chi.*, 194 F.3d 788, 797 n.5 (7th Cir. 1999) ("[T]he ADA provides only for employer, not individual, liability. Our case law is clear that a supervisor cannot be held liable in his individual capacity under the ADA or under Title VII."). Consequently, the Court will dismiss with prejudice the Plaintiff's ADA claims against these individual Defendants.

### B. The ADA Claims Against Defendant U.S. Steel

The Defendants contend that the "Complaint contains a hodge-podge of legal conclusions and confusing facts, thereby making it difficult to determine if his claim is plausible," "does not even identify [the Plaintiff's] injury or alleged [] disability," and does not allege facts demonstrating that he is covered by the ADA. (Defs.' Br. in Supp. 4.) The Court agrees. The Plaintiff's claims of discrimination, harassment, and retaliation are too sketchy and conclusory to provide the Defendants sufficient notice of the Plaintiff's ADA claim and the grounds upon which it rests. Furthermore, the Plaintiff's allegations do not show that it is plausible, rather than

---

[2] Defendant Surma is the chairman and chief executive officer of U.S. Steel, and the remaining individual Defendants are managers at U.S. Steel.

5

merely speculative, that he is entitled to relief under the ADA. To state an ADA claim, the Plaintiff must have been a qualified individual with a disability and suffered an adverse employment action because of his disability. The Complaint says little as to the Plaintiff's alleged disability, and the Plaintiff must allege that he suffers from a "disability" within the meaning of the ADA.[3] *See Homeyer v. Stanley Tulchin Assocs., Inc.*, 91 F.3d 959, 961 (7th Cir. 1996). It appears from the Complaint that the Plaintiff sees some sort of connection between a workplace injury and an alleged disability. However, these allegations are unclear, and the Court cannot glean from the allegations what disability the Plaintiff claims to suffer from. For these reasons, the Court will dismiss the Plaintiff's ADA claim against Defendant U.S. Steel. However, the Court's dismissal of the ADA claim against Defendant U.S. Steel will be without prejudice to filing an amended complaint—a more carefully drafted complaint in conformity with Rule 8 might state a claim. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint."); *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) ("The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.") (quotation marks and citation omitted).

---

[3] To show that he has a disability within the meaning of the ADA, the Plaintiff must demonstrate that he has "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) [is] regarded as having such an impairment." 42 U.S.C. § 12102(1); *see also Bodenstab v. County of Cook*, 569 F.3d 651, 656 (7th Cir. 2009).

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendants' Motion to Dismiss [ECF No. 22]. The Plaintiff's ADA claims against Defendants John P. Surma, Marie Flournoy, Jenna L. Rager, Ami Lash, Sandy Armstrong, and Laura Kocel are DISMISSED WITH PREJUDICE. The Plaintiff's ADA claim against Defendant U.S. Steel is DISMISSED WITHOUT PREJUDICE. The Plaintiff is granted until October 1, 2010, to file an amended complaint that remedies the deficiencies in the original Complaint. The Plaintiff need not seek leave to file this amended complaint. The Plaintiff is cautioned that his failure to file an amended complaint by October 1, 2010, may result in the termination of this case without further notice.

SO ORDERED on September 3, 2010.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION