UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ERIC RASHAD WALTON,          )
                             )
            Plaintiff        )
                             )
      v.                     ) Case No. 2:10-cv-188
                             )
UNITED STATES STEEL          )
CORPORATION,                 )
                             )
            Defendant        )

<u>OPINION AND ORDER</u>

This matter is before the court on the Motion to Strike [DE 37] filed by the defendant, United States Steel Corporation, on January 19, 2011, and the Motion for Leave to File Second Amended Complaint [DE 41] filed by the plaintiff, Eric Rashad Walton, on January 28, 2011. For the following reasons, the Motion to Strike is **GRANTED,** and the Motion for Leave to Amend is **GRANTED IN PART** and **DENIED IN PART.** The court **STRIKES** the documents entitled "Adding Charges to the Amended Complaint" [DE 33] and "Documents in Support of Amended Complaint" [DE 34].

<u>Background</u>

Eric Rashad Walton, *pro se*, filed his original complaint against United States Steel Corporation and several individuals asserting a violation of the Americans with Disabilities Act. U.S. Steel moved to dismiss Walton's complaint on September 3, 2010. The court granted the motion and dismissed the claims against all individual defendants with prejudice and against U.S.

Steel without prejudice. The court provided Walton the opportunity to file an amended complaint by October 1, 2010.

Walton filed his amended complaint against U.S. Steel on September 29, 2010. In addition to the original allegations, he asserted that U.S. Steel wrongfully terminated him in retaliation for filing a workers compensation claim, a "Whistleblower complaint" with the Indiana Occupational Safety and Health Association, grievances with the United Steelworkers of America Local Union 1066, and a charge of discrimination with the Equal Employment Opportunity Commission. U.S. Steel filed an answer to Walton's amended complaint on October 12, 2010. On January 7, 2011, Walton filed documents titled "Adding Charges to the Amended Complaint" and "Documents in Support of Amended Complaint" with the court. U.S. Steel now requests that the court strike these documents, arguing that the documents are essentially amended pleadings and Walton did not request leave to amend his complaint.

After U.S. Steel filed its motion to strike, Walton filed a motion to amend his amended complaint on January 28, 2011. Walton's motion explains that he intends to add additional claims under the Americans with Disabilities Act, negligence under the doctrine of *res ipsa loquitur*, employer negligence, intentional infliction of emotional distress, negligent infliction of emo-

tional distress, breach of confidence and trust, and violation of the Health Insurance Portability and Accountability Act. U.S. Steel opposes Walton's motion to amend, arguing that the claims are futile.

## Discussion

Federal Rule of Civil Procedure 12(f) states that "the court may strike from a pleading any . . . redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored, although they may be granted if they remove unnecessary clutter from a case and expedite matters, rather than delay them. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Shirley v. Jed Capital, LLC*, 2010 WL 2721855, *5 (N.D. Ill. July 8, 2010); *Doe v. Brimfield Grade School*, 552 F.Supp.2d 816, 825 (C.D. Ill. 2008). The decision whether to strike material is within the discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992). "Motions to strike under Federal Rule 12(f) are not favored and are usually denied unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial." *Tektel, Inc. v. Maier*, 813 F.Supp. 1331, 1334 (N.D. Ill. 1992).

"As a pro se litigant, [a] [p]laintiff is permitted a more lenient standard with respect to [his] pleadings than that

imposed on a practicing attorney." ***Cintron v. St. Gobain Abbras-sives, Inc.***, 2004 WL 3142556, *1 (S.D. Ind. Nov. 18, 2004) (*citing* ***Haines v. Kerner***, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652, 654 (1972)).  Although the court recognizes that pro se litigants face special challenges that litigants represented by counsel do not, pro se litigants are not excused from follow-ing procedural rules simply because the "rules of procedure are based on the assumption that litigation is normally conducted by lawyers." ***Lee v. Wal-Mart Stores***, 1994 WL 899240, *1 (N.D. Ind. Apr. 12, 1994).  The ***Lee*** court explained, "[the court] ha[s] never suggested that procedural rules in ordinary civil litiga-tion should be interpreted so as to excuse mistakes by those who proceed without counsel." ***Lee***, 1994 WL 899240 at *1.  The ***Lee*** court further explained, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administra-tion of the law." ***Lee***, 1994 WL 899240 at *1 (*quoting* ***Mohasco Corp. v. Silver***, 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532, 548 (1980)).

U.S. Steel requests that the court strike Walton's documents entitled "Adding Charges to the Amended Complaint" and "Documents in Support of Amended Complaint," arguing that the filing of those documents did not comply with Federal Rule of Civil Proce-

dure 15(a).  Although Walton's documents were not labeled as amended pleadings, the filings seek to add claims to Walton's complaint, and the court construes the documents as amended pleadings which require compliance with Rule 15.

Rule 15(a)(1)-(2) provides that a party may amend its pleadings as a matter of course within 21 days of service.  After 21 days, the party may amend its pleadings only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  *See also **Krupski v. Costa Crociere S.p. A.,*** ___ U.S. ___, 130 S.Ct. 2485, 2496, 177 L.Ed.2d 48 (2010)*; **Foman v. Davis***, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 226 (1962).

Walton filed the documents over two months after U.S. Steel filed its response to Walton's amended complaint, and therefore Walton was not entitled to file the pleadings as a matter of course.  U.S. Steel did not consent to Walton amending the allegations in his amended complaint, and Walton did not ask, nor did this court grant him, leave to amend his pleadings.  In his response to U.S. Steel's motion to strike, Walton acknowledges that he did not comply with Rule 15(a) for adding charges to his complaint.  Because Walton did not comply with Rule 15(a), U.S. Steel's Motion to Strike is **GRANTED.**  The court **STRIKES** documents entitled "Adding Charges to the Amended Complaint" [DE 33] and

"Documents in Support of Amended Complaint" [DE 34]. To the extent that the documents accompanying these filings are in response to U.S. Steel's requests for discovery, Walton is instructed to re-file only the discovery accompanying these documents pursuant to N.D. Ind. L.R. 26.2.

After learning of his failure to comply with Rule 15(a), Walton filed a Motion for Leave to File a Second Amended Complaint. Because the complaint merely serves to put the defendant on notice, it should be freely amended as the case develops, as long as the amendments do not unfairly surprise or prejudice the defendant. *Jackson v. Rockford Hous. Auth.*, 213 F.3d 389, 393 (7th Cir. 2000). The decision to deny leave to amend a complaint is an abuse of discretion "only if 'no reasonable person could agree with the decision.'" *Winters v. Fru-Con, Inc.*, 498 F.3d 734, 741 (7th Cir. 2007) (*quoting Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 925 (7th Cir. 2004)); *Ajayi v. Aramark Bus. Servs.*, 336 F.3d 520, 530 (7th Cir. 2003).

The court may deny leave because the amendment is futile. *Bethany Phamacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). Futility generally is measured by whether the amendment would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). If a summary judgment motion is pending, futility may be shown with reference to the entire summary

judgment record.  ***Peoples v. Sebring Capital Corp.***, 209 F.R.D.

428, 430 (N.D. Ill. 2002).  If the proposed amendment is not

clearly futile, denying leave to amend on this ground would be

improper.  *See* Wright & Miller, 6 *Federal Practice & Procedure*

§1487 at 637-642 (2d ed. 1990) ("If the proposed change clearly

is frivolous or advances a claim or defense that is legally in-

sufficient on its face, the court may deny leave to amend.").

First, Walton seeks to add a claim under the Americans with

Disabilities Act of 2008 ("ADA").  U.S. Steel contends that the

claim is time barred or, in the alternative, that Walton's

alleged impairment does not constitute a disability under the ADA

and that he has not put forward any allegations that would

support an inference that he is disabled under the ADA.  Under

the ADA, a plaintiff must file suit within 90 days of receiving

the Equal Employment Opportunity Commission's ("EEOC") notice of

his right to sue.  42 U.S.C. §2000e-5(f)(1); ***Houston v. Sidley &***

***Austin***, 185 F.3d 837, 838-39 (7th Cir. 1999).  Walton filed a

charge of discrimination with the EEOC, and the EEOC issued

Walton's right-to-sue letter on February 22, 2010.  Walton filed

his original complaint against U.S. Steel on May 6, 2010, which

fell within the 90 day statute of limitations.  Walton's original

complaint alleged an ADA violation with respect to the circum-

stances surrounding his allergic reaction episodes and termina-

tion.  However that complaint was dismissed without prejudice, and his first amended complaint did not raise a cause of action under the ADA, as Walton now seeks to add in his second amended complaint.

Under Rule 15(c)(1) "an amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading."  Notice is the critical element in making a Rule 15(c) determination.  *Krupski,* ___ U.S. at ___*,* 130 S.Ct. at 2490*; Staren v. American Nat. Bank & Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir. 1976).  "If the original pleading gives fair notice of the general fact situation out of which the claim arises, the defendant will be deprived of any protection which the statute of limitation was designed to afford him."  *Solo Cup Co. v. Paper Machinery Corp.*, 359 F.2d 754, 758 (7th Cir. 1966) (internal citations and quotations omitted).  The adoption of a new theory of recovery is not precluded by Rule 15(c), provided that it arises from the same facts as the original pleading.  *See Krupski*, ___ U.S. at ___, 130 S.Ct. at 2494 (explaining that the purpose of the relation back doctrine is to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in

8

general, and Rule 15 in particular, for resolving disputes on their merits.); Wright & Miller, 6A *Federal Practice & Procedure* §1497 (2d ed. 1990) ("The fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading."). *See also* **Santamarina v. Sears, Roebuck & Co.**, 466 F.3d 570, 573 (7th Cir. 2006).

However, this principle is not applicable where the original complaint has been dismissed without prejudice. **Jones v. Bull Moose Tube**, 2010 WL 1781710, *4 (N.D. Ill. April 26, 2010). A complaint dismissed without prejudice is treated as though it never was filed, and the statute of limitations continues to run. **Elmore v. Henderson**, 227 F.3d 1009, 1011 (7th Cir. 2000). An amended pleading cannot relate back to a document that does not legally exist. **Jones,** 2010 WL 1781710 at *4.

Walton's original complaint, though timely filed, was dismissed without prejudice. Because an amended complaint cannot relate back to one that has been summarily dismissed, Walton's proposed second amended complaint may not relate back to the original complaint. Moreover, Walton's first amended complaint was filed on September 29, 2010, after the 90 day statute of limitations. Therefore, even if the court found that Walton's

proposed second amended complaint related back to the first amended complaint, his claim would remain time barred.

However, the 90 day statute of limitations is not a jurisdictional prerequisite to bringing suit and is subject to equitable tolling. ***St. Louis v. Alverno College***, 744 F.2d 1314, 1316 n.2 (7th Cir. 1984) (*citing **Zipes v. Trans World Airlines, Inc.**,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234, 243 (1982) ("We hold that filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.")); ***Voogd v. Pavilion Foundation***, 2004 WL 877996, *4 (N.D. Ill. April 23, 2004) ("[T]he 90-day limit on filing suit after receipt of the right to sue letter is subject to equitable tolling in appropriate circumstances.").  For equitable tolling to apply, the plaintiff must show either:

> (1) excusable ignorance of or noncompliance with the limitations period, evidently with no prejudice to defendant, *see, e.g., **Gates v. Georgia-Pacific Corp**.,* 492 F.2d 292 (9th Cir. 1974) (inadequate notice from EEOC of limitations period); ***Harris v. Walgreen's Distribution Center***, 456 F.2d 588 (6th Cir. 1972) (pending motion for appointment of counsel triggers tolling); ***Carlile v. South Routt School District Re 3-J***, 652 F.2d 981 (10th Cir. 1981) (court had led plaintiff to believe she had complied with filing rules); or

> (2) affirmative misconduct of defendant that
> lulled the plaintiff into inaction, *see,
> e.g., **Villasenor v. Lockheed Aircraft Corp.**,*
> 640 F.2d 207 (9th Cir. 1981); ***Wilkerson v.
> Siegfried Insurance Agency, Inc.**,* 621 F.2d
> 1042 (10th Cir. 1980); ***Leake v. University of
> Cincinnati,*** 605 F.2d 255 (6th Cir. 1979).
> *See generally **Baldwin County**,* 104 S.Ct. at
> 1725-26.

***Payne v. Cook County Hosp.***, 719 F.Supp. 730, 732 (N.D. Ill. 1989)

(*quoting **Sager v. Hunter Corp.***, 665 F.Supp. 575, 577-78 (N.D.

Ill. 1986)).  Because there have not been allegations of miscon-

duct, the court must consider whether there has been excusable

ignorance on behalf of the plaintiff.

When considering whether the plaintiff's actions constitute

excusable ignorance, the courts generally have looked at whether

the plaintiff was aware of his rights, whether the court, oppos-

ing counsel, or course of events would lead a reasonable litigant

to believe that immediate action was unnecessary, and the risk of

prejudice to the opposing party.  ***Baldwin County Welcome Center

v. Brown***, 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d

196, 202 (1984) ("absence of prejudice is a factor to be consid-

ered in determining whether the doctrine of equitable tolling

should apply once a factor that might justify such tolling is

identified"); ***Mull v. ARCO Durethene Plastics, Inc.***, 784 F.2d

284, 292 (7th Cir. 1986) (not allowing equitable tolling because

plaintiff was aware of his right to sue) (*citing **Mogley v.***

*Chicago Title Insurance Co.*, 719 F.2d 289, 290-91 (8th Cir. 1983) (per curiam) (limitations period not tolled by employee being given option of remaining on payroll until retirement benefits accrue)); *Carlile*, 652 F.2d at 986 (allowing equitable tolling because the court led plaintiff to believe she had complied with filing rules); *Gates*, 492 F.2d at 295 (allowing equitable tolling because plaintiff received inadequate notice from EEOC of limitations period).  Courts generally have found excusable ignorance where a reasonable person would have believed he complied with the necessary prerequisites because extraneous matters remained pending such as resolution of a pending motion, after the expiration of the 90 day statute of limitations.  *Payne*, 719 F.Supp. at 732.

In light of the events that have transpired in the present matter, it is clear that Walton was aware of his rights within the statute of limitations.  He raised his claim under the ADA in his original complaint within 90-days of receiving his right to sue letter, although his first complaint ultimately was dismissed.  If Walton would have raised his ADA claim in his first amended complaint, equitable tolling may have applied because he took the steps necessary to comply with the procedural prerequisites and the court instructed him to file an amended complaint. However, Walton did not raise his ADA claim in his first amended

complaint, and the record is devoid of any explanation for Walton's failure to do so. Walton clearly was aware of his claim at the time he filed his first amended complaint, there were no matters pending resolution at the time he filed that complaint, and neither the court nor the defendant led him to believe that raising the ADA claim in his amended complaint was unnecessary. Absent an excusable reason for failing to raise the ADA claim in his first amended complaint, the doctrine of equitable estoppel is inapplicable. Therefore, Walton's claim under the ADA is untimely, and permitting him to amend his complaint to include a claim under the ADA would be futile. Walton's motion to amend is accordingly **DENIED** on this account.

Next, Walton seeks to add claims of negligence, negligence under the doctrine of *res ipsa loquitur*, and negligent infliction of emotional distress based on the circumstances surrounding his second allergic reaction episode that occurred at a U.S. Steel facility while he was working during regular work hours. Under the Indiana Worker's Compensation Act, "[t]he rights and remedies granted to an employee . . . on account of personal injury . . . by accident shall excluded all other rights and remedies of such employee . . . on account of such injury . . . except for [reme-dies for compensating victims of violent crimes]." Ind. Code. §22-3-2-6. The Indiana Worker's Compensation Act is the exclu-

sive remedy for an employee subject to the Act, and it abolished all common law actions against an employer likewise subject to the Act. *Kottis v. U.S. Steel Corp.*, 543 F.2d 22, 24 (7th Cir. 1976) (*quoting Hickman v. W. Heating & Air Conditioning Co.*, 207 F.Supp. 832, 833 (N.D. Ind. 1962)). *See also Sims v. U. S. Fid. & Guar. Co.*, 782 N.E.2d 345, 349-50 (Ind. 2003) (exclusivity provision bars a court from hearing common law actions for the same injury that the employee is entitled to receive worker's compensation benefits). A claim qualifies under the Worker's Compensation Act if it is a personal injury arising out of and in the course of employment. *House v. D.P.D., Inc.*, 519 N.E.2d 1274, 1275 (Ind. App. 1988). "An injury arises out of employment when there is a causal relationship between the injury and the employment." *Evans v. Yankeetown Dock Corp.*, 491 N.E.2d 969, 975 (Ind. 1986). "In the course of the employment" refers to the time, place, and circumstances under which the injury occurs. *Wine-Settergren v. Lamey*, 716 N.E.2d 381, 390 (Ind. 1999).

Walton's claims for negligence and negligent infliction of emotional distress are based on the physical injury caused by an allergic reaction he suffered after exposure to certain chemicals at work. Because Walton's personal injury, the effects of the allergic reactions to his body, occurred at a U.S. Steel facility while he was working during his regular work hours, the injury

arose out of and in the course of Walton's employment and is covered under the Worker's Compensation Act. Walton filed claims with the Workers' Compensation Board of Indiana, and on June 30, 2010, the Board approved an agreement settling any and all claims arising from the injury. Therefore, the Worker's Compensation Act preempts Walton's claims of negligence and negligent infliction of emotional distress, and permitting leave to include these claims would be futile. The court **DENIES** his motion to amend to add these claims.

U.S. Steel also argues that permitting Walton to amend his complaint to include a claim of intentional infliction of emotional distress based on the circumstances surrounding his second allergic reaction episode would be futile because it is governed by the Worker's Compensation Act. However, the exclusivity provision of the Worker's Compensation Act is limited to accidental employment injuries and does not include employers' intentional torts. *Baker v. Westinghouse Elec. Corp.*, 637 N.E.2d 1271, 1273 (Ind. 1994). To be excluded from the Worker's Compensation Act, the employer must have had a deliberate intent to inflict injury, or actual knowledge that injury was certain to occur. *Baker*, 637 N.E.2d. at 1275. As one element of an IIED claim, Walton must show that U.S. Steel intentionally or recklessly caused him severe emotional distress. *See Cullison v.*

15

*Medley*, 570 N.E.2d 27, 31 (Ind. 1991).  Because intent is an element of IIED, Walton's claim for intentional infliction of emotional distress is not necessarily barred by the Worker's Compensation Act.  At this stage of the proceedings, it would be premature to determine whether Walton has the factual support for this claim.  Accordingly, Walton is permitted leave to amend his complaint to include a claim of intentional infliction of emo-tional distress based on the circumstances surrounding his second allergic reaction episode.

Walton also seeks to add a second IIED claim against U.S. Steel arising from his termination and the termination of his benefits.  U.S. Steel argues that this IIED claim is preempted by §301 of the Labor Management Relations Act of 1947 ("LMRA").  The LMRA, provides a cause of action for breach of contract between "an employer and a labor organization representing employees in an industry affecting commerce . . . ."  29 U.S.C. §185(a).  The LMRA provides the exclusive remedy and preempts state law if resolution of the claim requires interpretation of a collective-bargaining agreement.  *Lingle v. Norge Div. Of Magic Chef, Inc.*, 486 U.S. 399, 413, 108 S.Ct. 1877, 1885, 100 L.Ed.2d 410, 423 (1988).  *See also* *Filippo v. Northern Indiana Public Service Corp.*, 141 F.3d 744, 750 (7th Cir. 1998) (same).  If the state law claim does not require interpretation of the collective-

bargaining agreement, it is not preempted even if resolution of that claim may require reference to the agreement. *In re Bentz Metal Products Co., Inc.*, 253 F.3d 283, 285 (7th Cir. 2001). "When resolution of a state-law claim is substantially dependant upon analysis of the term of an agreement made between the parties in a labor contract, that claim must either be treated as a §301 claim or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220, 105 S.Ct. 1904, 1916, 85 L.Ed.2d 206, 221 (1985) (internal citations omitted).

Intentional infliction of emotional distress is a state-law claim, *Cullison*, 570 N.E.2d at 31, and may be preempted if Walton's claim requires interpretation of the collective bargaining agreement. *Compare Douglas v. American Information Technologies Corp.*, 877 F.2d 565, 571-72 (7th Cir. 1989) (holding that plaintiff's IIED claim for employer's retaliatory conduct was pre-empted by §301 because resolution of the claim would require a court to interpret the collective bargaining agreement in order to determine whether employer's allegedly wrongful conduct was "extreme and outrageous" within the terms of the agreement), *with Keehr v. Consolidated Freightways of Delaware, Inc.*, 825 F.2d 133, 137 (7th Cir. 1987) (holding that plaintiff's IIED claim for remarks made by a supervisor was not pre-empted by §301 because

resolution of the claim did not depend on an interpretation of the labor contract and the claim was not derived from rights or duties provided for in the contract). It is unclear from Walton's complaint whether his IIED claim will require an analysis of a collective-bargaining agreement. At this point in the litigation process, the case is not sufficiently developed for the court to conclude that his IIED claim is pre-empted by §301(a) of the LMRA, and Walton may amend his complaint to include the IIED claim. The court **GRANTS** his motion to amend on this claim.

The final two claims Walton seeks to add in his amended complaint are breach of confidence and trust and a Health Insurance Portability and Accountability Act ("HIPAA") violation. In support of these claims, Walton alleges that Dr. Kanayo K. Odeluga, MD, MPH, provided confidential medical information to U.S. Steel pertaining to an unrelated medical matter. Dr. Odeluga examined Walton after his allergic reaction by directive of U.S. Steel and independently with respect to a separate unrelated matter.

Breach of confidence and trust is not a cause of action recognized by Indiana law. To the extent that breach of trust is recognized as a cause of action, it has been applied in instances of fraud and breach of fiduciary duty. *See **Shriner v. Sheehan**,*

773 N.E.2d 833, 846 (Ind. App. 2002) (explaining that a claim for breach of trust is a claim for breach of fiduciary duty). *See also* **Mack v. American Fletcher Nat. Bank and Trust Co.**, 510 N.E.2d 725, 738-39 (Ind. App. 1987). "[A] confidential or fiduciary relationship exists when confidence is reposed by one party in another with resulting superiority and influence exercised by the other." **Estates of Kalwitz v. Kalwitz**, 717 N.E.2d 904, 914 (Ind. App. 1999). In order to establish a confidential relationship there must be a dominate and subordinate party, and the subordinate party must be justified in relying upon that relationship of trust and confidence. **Grow v. Indiana Retired Teachers Community**, 271 N.E.2d 140, 143 (Ind. App. 1971). Confidential relationships generally arise when there is a blood, marital, fiduciary, or personal relationship. **Grow**, 271 N.E.2d at 143.

Walton was not in a confidential relationship with U.S. Steel relating to the privacy of his medical information because it was in an employee-employer relationship and U.S. Steel did not have control over Walton's medical information in a way that Walton could rely on U.S. Steel to protect the information. U.S. Steel is not the proper defendant for Walton's breach of confidence and trust cause of action, and it would be futile to allow

Walton to add this claim.  The court **DENIES** his motion to amend on this claim.

Additionally, HIPAA does not provide a private right of action.  ***Doe v. Board of Trustees of University of Illinois***, 429 F.Supp.2d 930, 944 (N.D. Ill. 2006) ("HIPAA provides civil and criminal penalties for improper disclosure of medical informa-tion, but it does not create a private cause of action, leaving enforcement to the Department of Health and Human Services alone.").  *See also* ***Martin v. Dupont Hosp.***, 2010 WL 2346285, *4 (N.D. Ind. June 7, 2010) (same).  And, even if HIPAA did recog-nize a private right of action, U.S. Steel is not the proper defendant.  HIPAA explains that "[a] covered entity may not use or disclose protected health information except as permitted or required . . ."  45 C.F.R. §164.502.  A covered entity includes a "health plan, health care clearing house, and a health care provider who transmits any health information in electronic form in connection with a covered transaction." 45 C.F.R. §160.103. U.S. Steel is not a covered entity and from Walton's alleged HIPAA claim, it appears that Dr. Odeluga is accused of disclosing Walton's medical information to U.S. Steel.  Therefore, Walton could not succeed on a HIPAA claim against U.S. Steel and the claim is futile.  The court **DENIES** his motion to amend on this claim.

---

For the foregoing reasons, the Motion to Strike [DE 37] filed by the defendant, United States Steel Corporation, on January 19, 2011, is **GRANTED.** The court **STRIKES** documents entitled "Adding Charges to the Amended Complaint" [DE 33] and "Documents in Support of Amended Complaint" [DE 34]. The motion to amend/file Second Amended Complaint [DE 41] filed by the plaintiff, Eric Rashad Walton, on January 28, 2011, is **GRANTED IN PART** and **DENIED IN PART.** Walton may submit a Second Amended Complaint, however, the only claims that are not futile and may be included are those for intentional infliction of emotional distress arising from his allergic episode and termination.

ENTERED this 15th day of June, 2011


s/ ANDREW P. RODOVICH
United States Magistrate Judge